IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD MCLEVIS, | ) |
|       *Plaintiff* | ) |
|   vs. | ) Case No. 3:17-CV-957 RLM-MGG |
| JOHN CUCKLER, M.D., *et al.*, | ) |
|       *Defendants* | ) |

OPINION AND ORDER

Ronald McLevis filed suit against Dr. John Cuckler, his company, Alabama Medical Consultants, Inc. (AMC), and the Biomet defendants, alleging that Dr. Cuckler and AMC: (1) are citizens of Florida; (2) had a "contractual relationship" with Biomet, pursuant to which they designed and promoted the M2a; and (3) "consented to being sued in this MDL court for claims of injury related to the products at issue in this Complaint." (Cmplt. ¶¶ 3-6 and 57-76) Although Mr. McLevis filed his case directly in this court, pursuant to the February 15, 2013 and March 14, 2016 Case Management Orders, he alleges that venue is proper in the District of Minnesota "because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in [that] district." (Cmplt. ¶ 10). Dr. Cuckler and AMC moved to dismiss the suit for lack of personal jurisdiction, and submitted an affidavit in support, in which Dr. Cuckler attests that he and AMC were independent contractors (not employees, affiliates or subsidiaries of Biomet), that they never consented to jurisdiction outside of Indiana or Florida regarding

the plaintiff's claims, and that they haven't had sufficient contacts with Minnesota to support the exercise of personal jurisdiction and to satisfy due process. [Doc. No. 15-1]. The motion to dismiss is well-taken.

When the issue of personal jurisdiction is raised in a motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over each of the defendants. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 799 (7th Cir. 2014); Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010); Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). A court can receive and weigh affidavits, exhibits and other evidence in deciding whether it has personal jurisdiction, Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 782; Nelson v. Park Indus., Inc., 717 F.2d 1120, 1123 n.7 (7th Cir. 1983). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 783.

The notice of electronic filing and certificate of service show that plaintiff's counsel was served with a copy of the motion to dismiss and supporting documents on April 9, 2018. Under Local Rule 7-1, Mr. McLevis had until April 23 to file his response and provide evidence supporting the exercise of personal

jurisdiction over the defendants, or to seek an extension of the filing deadline.  He did neither.

Accordingly, the motion to dismiss the claims against Dr. John Cuckler and Alabama Medical Consultants, Inc. [Doc. No. 14] is GRANTED.

SO ORDERED.

ENTERED:   May 3, 2018

　　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court